**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **JENNIFER FONTANEZ-WEXLER**<br><br>                 **Plaintiff,**<br><br>     **v.**<br><br>**ABEL UNLIMITED, INC.**<br><br>             **Defendant.** | **Case No. 1:25-cv-08845-CPO-MJS** |

## <u>ORDER</u>

**NOW**, this \_\_\_\_ day of _____, 2025, upon consideration of Defendant Abel Unlimited, Inc.'s Motion for Dismissal of Plaintiff's Complaint and Plaintiff's response, if any, it is hereby **ORDERED** that Defendant's Motion is **GRANTED** and Plaintiff's Amended Complaint is;

     a.     Dismissed for lack of personal jurisdiction over Abel Unlimited, Inc.; or, in the alternative,

     b.     Transferred to the United States District Court for the Southern District of Florida.

                         BY THE COURT:

                         _____

                         Hon. Christine P. O'Hearn, U.S.D.J.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JENNIFER FONTANEZ-WEXLER**<br><br>                             **Plaintiff,**<br><br>    **v.**<br><br>**ABEL UNLIMITED, INC.**<br><br>                             **Defendant.** | **Case No. 1:25-cv-08845-CPO-MJS** |

TO:   Michael P. Murphy
        Mary Kramer
        Murphy Law Group, LLC
        Eight Penn Center, Ste. 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, Pa 19103

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, TO TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA

Defendant Abel Unlimited, Inc. ("Defendant"), by and through its counsel, hereby moves to dismiss Jennifer Fontanez-Wexler's ("Plaintiff") Complaint and state as follows:

1.     Plaintiff filed this action in the United States District Court for the District of New Jersey on June 9, 2025, alleging violations of the Americans with Disabilities Act ("ADA"), the New Jersey Law Against Discrimination ("NJLAD"), and the Family and Medical Leave Act ("FMLA").

2.     Specifically, Plaintiff alleges that Defendant terminated her employment in retaliation for her attempt to exercise attempted medical leave based on her alleged medical disability as well as on the basis of Plaintiff's serious health condition. Complaint at ¶ 37,38.

3.      Furthermore, Plaintiff alleges that Defendant failed to engage to in the interactive process to determine a reasonable accommodation if the Defendant could not accommodate Plaintiff's medical leave. Complaint at ¶ 39.

4.      Defendant is a Florida corporation with its principal place of business in Riviera Beach, Florida. Defendant was served with process in Florida.

5.      Defendant hired Plaintiff in January 2020 to work as a Lead Graphic Designer in its office located at 2020 Seabird Way, Rivera Beach, Florida ("Florida Office").

6.      Plaintiff spent over four years reporting in-person to Defendant's Florida Office.

7.      In June 2024, Plaintiff requested Defendant allow to her to work remotely so she could relocate to New Jersey.

8.      Graciously, Defendant allowed Plaintiff to work remotely from her home in New Jersey.

9.      Defendant's only connection to the State of New Jersey is accommodating Plaintiff's remote work request for less than 6 months.

10.     Defendant's communication with Plaintiff regarding her termination occurred while Defendant was in Florida, and all relevant decisions were discussed and made in Florida.

11.     Because Defendant lacks sufficient contacts with New Jersey and are not "at home" in the state, this Court lacks personal jurisdiction over Defendant and should be dismiss this action accordingly.

12.     Alternatively, this Court should transfer this action to the United States Southern District of Florida, where it originally could have been brought, because public and private considerations favor such a transfer.

2

13.    WHEREFORE, for the foregoing reasons and the reasons stated in the accompanying Memorandum in support of this Motion, Defendants requests that this Honorable Court:

a.    dismiss Plaintiff's Complaint for lack of personal jurisdiction over the Defendants; or, in the alternative,

b.    Transfer this action to the United States District Court for the Southern District of Florida

Defendant respectfully requests that this Court dismiss Plaintiff's Amended Complaint against Defendant, as provided in the submitted form of Order.

Respectfully submitted,

_/s/ Ivo J. Becica_
Ivo J. Becica, Esq.
Jean S. Scanlan, Esq.
Obermayer Rebmann Maxwell & Hippel LLP
1120 Route 73
Suite 420
Mount Laurel, NJ 08054-5108
(215) 665-3000

Attorneys for Defendant,
Abel Unlimited, Inc.

Dated: August 5, 2025

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JENNIFER FONTANEZ-WEXLER** | |
| **Plaintiff,** | **Case No. 1:25-cv-08845-CPO-MJS** |
| **v.** | |
| **ABEL UNLIMITED, INC.** | |
| **Defendant.** | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR DISMISS
FOR LACK OF PERSONAL JURISIDICTION OR, ALTERNATIVELY, TO TRANSFER
TO THE SOUTHERN DISTRICT OF FLORIDA**

Ivo J. Becica, Esq.
Jean S. Scanlan, Esq.
Obermayer Rebmann Maxwell & Hippel LLP
1120 Route 73
Suite 420
Mount Laurel, NJ 08054-5108
(215) 665-3000

Attorneys for Defendant,
Abel Unlimited, Inc.

Dated: August 5, 2025

## <u>TABLE OF CONTENTS</u>

OVERVIEW ...............................................................................................................1

FACTUAL BACKGROUND ....................................................................................2

ARGUMENT ..............................................................................................................3

I.   THIS COURT SHOULD DISMISS THIS ACTION FOR LACK OF
     PERSONAL JURISDICTION OVER THE DEFENDANT ........................3

    A.   Legal Standard...............................................................................................3

    B.   Defendant Lacks the Continuous and Systematic Contacts with New
        Jersey Necessary to Exercise General Jurisdiction..............................4

    C.   Defendant Lacks Sufficient Minimum Contacts with New Jersey for
        this Court to Exercise Specific Jurisdiction..........................................5

II.  SHOULD THIS COURT DECLINE TO DISMISS, THIS ACTION
     SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF
     FLORIDA .......................................................................................................7

    A.   Legal Standard...............................................................................................7

    B.   In the Absence of Dismissal, Transfer is Appropriate.........................8

    C.   The Private Interest Factors Weigh in Favor of Transfer ...................9

        1.   Defendant's Preferred Venue is the Southern District of Florida
            .................................................................................................9

        2.   All Relevant Events and Decisions Occurred in Florida, not New
            Jersey..................................................................................................9

        3.   Florida is Convenient for All Parties ............................................10

    D.   The Public Interest Factors Weigh in Favor of Transfer ...................11

        1.   South Florida has the Greater Interest in this Dispute...............11

        2.   Florida Public Policy Bears More Relevance to the Action than
            New Jersey's ....................................................................................12

CONCLUSION..........................................................................................................13

4938-5877-1546 v1

# TABLE OF AUTHORITIES

28 U.S.C. § 1391 (2) .................................................................................................. 8

28 U.S.C. § 1404 ................................................................................................... 8, 9

*Andrews v. Norfolk S. Corp.*,
    No. 07-1131, 2008 U.S. Dist. LEXIS 16951 (D.N.J. Mar. 4, 2008) .................. 10

*Bristol-Myers Squibb Co. v. Superior Court*,
    137 S. Ct. 1773 (2017) ....................................................................................... 4

*Buccilli v. Timby, Brown & Timby*,
    283 N.J. Super. 6, 660 A.2d 1261 (App. Div. 1995) ......................................... 12

*Burger King v. Rudzewicz*,
    471 U.S. 462 (1985) ............................................................................................ 5

*Carlson v. Colo. Firearms, Ammunition & Access., Ltd. Liab. Co., No. 22 1686*,
    2022 U.S. Dist. LEXIS 190604 (E.D. Pa. Oct. 19, 2022) ................................... 7

*Chavez v. Dole Food Co.*,
    836 F.3d 205 (3d Cir. 2016) ............................................................................... 5

*Cherry Hill Programs, Inc. v. Sullivan, No. 1:21-cv-20248-NLH-SAK*,
    2022 U.S. Dist. LEXIS 67300 (D.N.J. Apr. 12, 2022) ....................................... 3

*Connell v. CIMC Intermodal Equip.*,
    2016 U.S. Dist. LEXIS 166256, 2016 WL 7034407 (M.D. Pa. Dec. 2, 2016) .................. 7

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ............................................................................................ 4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) .................................. 4

*Ricoh Co., Ltd. v. Honeywell Inc.*,
    817 F. Supp. (D.N.J. 1993) ............................................................................... 11

*IMO Indus. v. Kiekert AG*,
    155 F.3d 254 (3d Cir. 1998) ............................................................................... 3

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995) ................................................................................. 8

*Kalawa v. United States*,
    2020 U.S. Dist. LEXIS 116393 (D.N.J. July 2, 2020) ...................................... 10

*Kearney v. Good Start Genetics, Inc.*,
    2017 U.S. Dist. LEXIS 202250, 2017 WL 6206168 (E.D. Pa. December 8, 2017) ............................. 7

*Leroy v. Great Western United Corp.*,
    443 U.S. 173, 99 S. Ct. 2710, 61 L. Ed. 2d 464 (1979) ...................................... 7

*Magill v. Elysian Glob. Corp., No. 1:20-cv-06742-NLH-AMD*,

ii

2021 U.S. Dist. LEXIS 63920 (D.N.J. Apr. 1, 2021) .......................................................... 6

*Miller Yacht Sales, Inc. v. Smith*,
384 F.3d 93 (3d Cir. 2004) ........................................................................................... 3-4

*O'Connor v. Sandy Lane Hotel Co.*,
496 F.3d 312 (3d Cir. 2007) ............................................................................................. 5

*Peikin v. Kimmel & Silverman, P.C.*,
576 F. Supp. 2d 654 (D.N.J. 2008) .................................................................. 8-9, 9, 11, 12, 13

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Asso.*,
819 F.2d 434 (3d Cir. 1987) ............................................................................................. 4

*Satz v. Taipina*,
2003 U.S. Dist. LEXIS 27237 ........................................................................................ 12

*Smart Audio Techs., L.L.C. v. Apple, Inc.*,
910 F. Supp. 2d 718 (D. Del. 2012) ................................................................................. 8

*States, No. 09-00491*,
2009 U.S. Dist. LEXIS 151462 (D.N.J. Dec. 22, 2009) ..................................................... 11

*Tischio v. Bontex, Inc.*,
16 F. Supp. 2d 511 (D.N.J. 1998) ................................................................................... 10

*Tripp v. Ascentage Pharma Group Int'l, No. CV 22-5934*,
2023 WL 5425506 (D.N.J. Aug. 23, 2023) ....................................................................... 6

*United Supply Co., Div. of USCO, Inc. v. Optimum Air Sol., No. 21-14408*
(MAS) (LHG), 2022 U.S. Dist. LEXIS 53551 (D.N.J. Mar. 24, 2022) ................................. 3

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*,
75 F.3d 147 (3d Cir. 1996) ............................................................................................... 5

*Virgin Wireless, Inc. v. Virgin Enters. Ltd.*,
201 F. Supp. 2d 294 (D. Del. 2002) ................................................................................. 8

*Weinberg v. Interep Corp.*,
2006 U.S. Dist. LEXIS 23746 (D.N.J. Apr. 26, 2006) ...................................................... 12

iii

Defendant Abel Unlimited, Inc. ("Defendant"), by and through its undersigned counsel, submits this Memorandum of Law in Support of its Motion for Dismissal of Plaintiff's Complaint for lack of personal jurisdiction or, alternatively, to transfer to the Southern District of Florida.

## <u>OVERVIEW</u>

This lawsuit involves an employer-employee relationship between Defendant – a Florida corporation headquartered in Riviera Beach, Florida – and one of its remote workers, Jennifer Fontanez-Wexler ("Plaintiff"). Plaintiff claims, among other things, that the Defendants violated the Americans with Disabilities Act ("ADA"), the New Jersey Law Against Discrimination ("NJLAD"), and the Family and Medical Leave Act ("FMLA"). Complaint at ¶ 37,38.

On June 9, 2025, Plaintiff filed the instant matter alleging FMLA Interference and Retaliation (Count I), ADA Failure to Accommodate, Discrimination, and Retaliation (Count II), and NJLAD Disability Discrimination and Retaliation (Count III).

This Court lacks personal jurisdiction over Defendant. Defendant is a Florida corporation with its principal place of business in Riviera Beach, Florida, and maintains no offices, property, or physical presence in New Jersey. Defendant, which operates a distribution center in Texas and distributes nearly all of its products through third-party distributors, conducts no business operations in New Jersey. At the time of her termination, Plaintiff resided in New Jersey and worked remotely from that location; however, this incidental fact does not establish sufficient minimum contacts to support personal jurisdiction. Plaintiff was hired, managed, and directed by personnel located outside of New Jersey, and all material employment decisions occurred in Florida.

Consequently, and as further detailed below, this Court lacks personal jurisdiction over Defendant, and dismissal of this action is therefore warranted. In the alternative, should the Court

1

decline to dismiss, the case should be transferred to the United States District Court for the Southern District of Florida, as the relevant private and public interest factors strongly favor that venue.

## **FACTUAL BACKGROUND**

Defendant is a safety solution provider that manufacturers, develops and reengineers personal protective safety equipment. *See* Exhibit A, Declaration of Marvin Maltz. Most of Defendant's business is conducted through independent distributors. Defendant is incorporated under the laws of the State of Florida and maintains its principal place of business in Riviera Beach, Florida. *See* Complaint at ¶ 6. Most of Defendant's employees are based in Florida and Texas, and all key personnel – including senior management – work out of the Riviera Beach headquarters. *See* Ex. A. At the time of Plaintiff's termination, Defendant's President, Marvin Maltz ("Maltz"), and Defendant's Human Resources Manager, Ginnelle Gerald ("Gerald"), were based in the Riviera Beach office. *See* Ex. A. Defendant has never owned property in New Jersey and does no work in New Jersey.

Plaintiff began working for Defendant as a Lead Graphic Designer at its Florida office in January 2020. See Ex. A at ¶ 16, 18. For over four years, Plaintiff reported to the Florida office in person. *Id.* at ¶ 18–24. In or around June of 2024, Plaintiff requested permission to work remotely from New Jersey after moving there. *Id.* at ¶ 19–20. Defendant graciously accommodated this request; however, it derived no meaningful benefit from Plaintiff's remote work performed in New Jersey. *Id.* at ¶21–22. Solely to facilitate Plaintiff's remote work arrangement, Defendant registered to do business in New Jersey on June 6, 2024. *Id.* at ¶ 23; Exhibit B, New Jersey Corporate Filings. Plaintiff stopped performing work for Defendant in November of 2024, and was terminated on or about December 17, 2024. *Id.* at ¶24, 26. Following Plaintiff's termination,

Defendant promptly withdrew its registration to do business in New Jersey, effective November 30, 2024. *Id.* at ¶ 28; Ex. B.  On July 15, 2025, Defendant was served with process at its Florida headquarters. *Id.* at ¶ 29.

## ARGUMENT

### I.    THIS COURT SHOULD DISMISS THIS ACTION FOR LACK OF PERSONAL JURISDICTION OVER THE DEFENDANT

#### A.    Legal Standard

Federal Rule of Civil Procedure 12(b)(2) allows Defendant to move to dismiss a complaint for lack of personal jurisdiction. "[O]nce a defendant has raised a jurisdictional defense, the plaintiff must prov[e] by affidavits or other competent evidence that jurisdiction is proper." *United Supply Co., Div. of USCO, Inc. v. Optimum Air Sol.*, No. 21-14408 (MAS) (LHG), 2022 U.S. Dist. LEXIS 53551, at *4 (D.N.J. Mar. 24, 2022) (quoting *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction" – a "plaintiff must respond with actual proofs, not mere allegations." *Cherry Hill Programs, Inc. v. Sullivan*, No. 1:21-cv-20248-NLH-SAK, 2022 U.S. Dist. LEXIS 67300, at *4 (D.N.J. Apr. 12, 2022) (quoting *Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990)).

To determine if a district court has personal jurisdiction over a party, courts undertake a two-step test. *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998). First, the court "must apply the relevant state long-arm statute to see whether it permits the exercise of personal jurisdiction." *Id.* at 259. Second, "the court must apply the precepts of the Due Process Clause of the [federal] Constitution." *Id*. Here, the first step merges with the second, as New Jersey's long-arm statute allows for the exercise of personal jurisdiction to the full extent permitted by the Due Process Clause. *Id.*; *see also Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004)

3

(describing the jurisdiction provided by the New Jersey long-arm statute as "coextensive with the due process requirements of the United States Constitution."). Accordingly, for the court to have personal jurisdiction over a non-resident defendant, that defendant must have "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Asso.*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The due process analysis has two established categories of personal jurisdiction: general jurisdiction and specific jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017). "A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Id.* at 1780. Alternatively, Specific jurisdiction occurs when the suit "arise[es] out of or relate[s] to the defendant's contacts with the forum." *Id.* "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.*

**B.    Defendant Lacks the Continuous and Systematic Contacts with New Jersey Necessary to Exercise General Jurisdiction**

This Court cannot exercise general personal jurisdiction over Defendant because the company is not at home in New Jersey. Courts have general jurisdiction over individuals only when a defendant's contacts with the forum state are "so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) (citations omitted). For general jurisdiction, an individual's domicile is the primary location; for corporations, it is an equivalent place where the company is considered at home. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

4

The United States Court of Appeals for the Third Circuit has found it "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)). As noted in Plaintiff's Complaint, Defendant is a corporation organized and existing under the law of the State of Florida. *See* Complaint at ¶ 4. Defendant owns no property and has no office in New Jersey. *See* Exhibit A at ¶ 13. Thus, Defendant cannot be said to be "at home" in New Jersey.

### C.    Defendant Lacks Sufficient Minimum Contacts with New Jersey for this Court to Exercise Specific Jurisdiction.

Courts find that specific jurisdiction exists only when the plaintiff demonstrates that the defendant has established constitutionally sufficient "minimum contacts" with the forum, *see Burger King v. Rudzewicz*, 471 U.S. 462, 474 (1985), and the exercise of jurisdiction "would comport with 'traditional notions of fair play and substantial justice.'" *See Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150-51 (3d Cir. 1996). To determine whether personal jurisdiction over a defendant is proper, the Third Circuit applies the three-part test established in *O'Connor. O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2000). First, the defendant must have purposefully directed their activities toward the forum state. *Id*. Second, the plaintiff's claims must arise out of or relate to those activities. *Id.* Finally, if these conditions are satisfied, the exercise of jurisdiction must comport with "fair play and substantial justice." *Id.*

Plaintiff fails to satisfy the first prong of the *O'Connor* test because Defendant did not purposefully direct its activities toward New Jersey. Defendant's decision to accommodate Plaintiff's request to work remotely from New Jersey is insufficient to establish that Defendant targeted this forum. This is especially true because an employment contract alone does not

5

"automatically establish sufficient minimum contacts in the other party's home forum." *Vetrotex*, 75 F.3d 147 at 151. Indeed, this Court recently found personal jurisdiction lacking over foreign defendants who contracted with a business developer working from his home in New Jersey. *See Magill v. Elysian Glob. Corp.*, No. 1:20-cv-06742-NLH-AMD, 2021 U.S. Dist. LEXIS 63920 (D.N.J. Apr. 1, 2021); *Tripp v. Ascentage Pharma Group Int'l*, No. CV 22-5934, 2023 WL 5425506 (D.N.J. Aug. 23, 2023).

The *Magill* and *Tripp* cases are particularly instructive here. In an attempt to establish personal jurisdiction, the plaintiff in *Magill* argued that the defendant knowingly contracted with a person residing in New Jersey, and all the work he performed for defendants, for which he sought compensation, was carried out in New Jersey under the defendant's direction. *Id.* at *11. The Court rejected plaintiff's argument, holding that even if "Defendants controlled Plaintiff's day-to-day activities, such actions did not result in Defendants' contact with New Jersey in any meaningful way." *Id.* at *12-13. The Court further opined:

> Plaintiff's physical location in New Jersey is the only factor that connects this dispute to New Jersey. Plaintiff's claims against Defendants would be identical if he lived anywhere else in the world. All of Plaintiff's work and the entire nature of Defendants' business was performed online with world-wide scope.

*Id.* at *16-18.

In *Tripp*, the Court held that the plaintiff's employer had not purposefully availed itself of New Jersey, even though the employer had used the plaintiff's physical location in New Jersey to contact potential investors in the area, hired the plaintiff while he was living in New Jersey, had previously maintained an office in the state, and employed fourteen other individuals who worked remotely from their homes in New Jersey. *Tripp*, 2023 WL 5425506.

Courts within the Third Circuit have consistently held that merely employing a remote worker is generally insufficient to establish personal jurisdiction over the employer in the

6

employee's home state. *See, e.g., Carlson v. Colo. Firearms, Ammunition & Access., Ltd. Liab. Co.*, No. 221686, 2022 U.S. Dist. LEXIS 190604, at *8-9 (E.D. Pa. Oct. 19, 2022) (criticizing remote worker's argument for personal jurisdiction over employer with nonexistent contacts with the forum state as leading to "an extreme result that must be rejected"); *Kearney v. Good Start Genetics, Inc.*, 2017 U.S. Dist. LEXIS 202250, 2017 WL 6206168 (E.D. Pa. December 8, 2017) (a salesman working remotely from Glen Mills, Pennsylvania, for a Massachusetts-based medical diagnostic company failed to establish that specific personal jurisdiction was proper, despite the employer paying his salary, withholding Pennsylvania wage taxes, and his involvement in soliciting business from at least twenty-four physician offices in Pennsylvania, including a major healthcare provider located in Blue Bell, Pennsylvania); *Connell v. CIMC Intermodal Equip.*, 2016 U.S. Dist. LEXIS 166256, 2016 WL 7034407 (M.D. Pa. Dec. 2, 2016) (holding no specific jurisdiction over employment discrimination matter despite the fact that out-of-state employer was aware that plaintiff would be working from home in Pennsylvania).

Thus, because Plaintiff is unable to show Defendant purposefully directed activities at New Jersey, this Court lacks specific jurisdiction over the company.

## II. SHOULD THIS COURT DECLINE TO DISMISS, THIS ACTION SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA

### A. Legal Standard

Although questions of personal jurisdiction are typically resolved before venue, a court may depart from this usual sequence and address venue first, since neither personal jurisdiction nor venue are as fundamentally preliminary as subject-matter jurisdiction, nor are they absolute limitations on the court's authority. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S. Ct. 2710, 61 L. Ed. 2d 464 (1979) (citing C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3801, pp. 5-6 (1976)). "For the convenience of parties and witnesses, in the

7

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Under this provision, a district court may exercise "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995). The purpose of transfer is to safeguard litigants, witnesses, and the public from the needless expenditure of time, effort, and resources. *See Virgin Wireless, Inc. v. Virgin Enters. Ltd.*, 201 F. Supp. 2d 294, 299 (D. Del. 2002) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

The court conducts a two-step analysis to resolve a motion to transfer. "The court first asks whether the action could have been brought in the proposed transferee venue and then determines whether transfer to a different forum would best serve the interests of justice and convenience." *Smart Audio Techs., L.L.C. v. Apple, Inc.*, 910 F. Supp. 2d 718, 724 (D. Del. 2012).

**B.    In the Absence of Dismissal, Transfer is Appropriate**

If this Court declines to dismiss this action, the Court should transfer it to the United States District Court for the Southern District of Florida. This action inarguably could have been brought originally in the Southern District of Florida, where Defendant has its principal place of business and where Plaintiff reported during the entirety of her employment. *See* 28 U.S.C. § 1391(b)(1) & (2). The Court may transfer this action to the Southern District of Florida "in the interest of justice" or "[f]or the convenience of the parties and witnesses." 28 U.S.C. § 1404(a). This Court possesses broad discretion to transfer an action when such a transfer promotes considerations of convenience and fairness. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

When assessing requests to transfer under Section 1404(a), this Court applies the well-established *Jumara* private and public-interest factors. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995); *Peikin v. Kimmel & Silverman, P.C.*, 576 F. Supp. 2d 654, 659 (D.N.J.

8

2008). Among the private interests the *Jumara* court identified as being significant to the § 1404(a) analysis are:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the for a; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Peikin*, 576 F. Supp. 2d at 660. In addition, the public interests to consider involve:

> [1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

### C.    The Private Interest Factors Weigh in Favor of Transfer

#### 1.    Defendant's Preferred Venue is the Southern District of Florida

Defendant prefers to litigate this action in the Southern District of Florida for legitimate and rational reasons, including that Defendant is incorporated and headquartered in Riviera Beach, Florida, where it maintains all relevant employment and personnel records. Additionally, all employees to whom Plaintiff reported or worked with are based at or report to the Riviera Beach office, making the Southern District of Florida a more convenient venue for numerous non-party witnesses. These considerations strongly favor transferring venue to the Southern District of Florida.

#### 2.    All Relevant Events and Decisions Occurred in Florida, not New Jersey

The fact that the operative events and decisions underlying this case occurred in Southern Florida further supports transfer. Plaintiff alleges that Defendant violated the NJLAD and FMLA by failing to accommodate a purported disability and terminating her based on discriminatory

and/or retaliatory animus. Importantly, none of these decisions are alleged to have been made or implemented in New Jersey. On the contrary, all of the material decisions related to Plaintiff's employment were made, communicated, and carried out in Southern Florida. The operative facts show that Southern Florida sits at the center of this dispute: (1) Plaintiff reported to Defendant's Southern Florida headquarters throughout her employment; (2) Plaintiff and her boyfriend communicated with Marvin Maltz and Ginnelle Gerald, who worked from Defendant's Riveria Beach office, regarding her medical leave and termination; and (3) with the exception of the last five-and-a-half months of her employment when she was working remotely from home, Plaintiff worked for Defendant in Florida. *See* Ex. A.

The "center of gravity" of the dispute is one of the "strongest" private interest factors. *Kalawa v. United States*, 2020 U.S. Dist. LEXIS 116393, at *11 (D.N.J. July 2, 2020). As a result, the fact that all relevant acts occurred in Southern Florida "substantially" favors transfer. *Id.* ("Plaintiffs simply cannot avoid the fact that their claims arise from conduct occurring entirely in Florida. They insist that this is 'the only connection' to Florida, but it is a substantial one, which on balance overrides their choice to file in New Jersey"); *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 521 (D.N.J. 1998) (granting motion to transfer where the complaint failed to "assert what actionable decisions and/or conduct by the Defendants were made in New Jersey"); *Andrews v. Norfolk S. Corp.*, No. 07-1131, 2008 U.S. Dist. LEXIS 16951, at *3 (D.N.J. Mar. 4, 2008) (overriding plaintiff's choice of forum because "[s]trongest among [the private interest factors] is that the claim arose elsewhere").

### 3.    Florida is Convenient for All Parties

The Southern District of Florida is convenient for all parties, including Plaintiff. In fact, Plaintiff is well-accustomed to traveling to the Southern District of Florida because she used to lived there when she began working for Defendant. Plaintiff bears a substantial burden to

overcome the multiple factors that weigh in favor of transfer, and mere inconvenience is insufficient to meet that burden. *See Kalawa*, 2020 U.S. Dist. LEXIS 116393, at *13. Courts in this district have transferred cases many states away despite evidence of serious physical and financial inconvenience, such as indigency and disability, when other factors favor transfer, which is the case here. *Govan v.United States*, No. 09-00491, 2009 U.S. Dist. LEXIS 151462, at *4 (D.N.J. Dec. 22, 2009) (transferring a case from New Jersey to Georgia even though the "plaintiff likely faces some difficulty in traveling to [Georgia] because he is indigent and allegedly disabled").

### D.    The Public Interest Factors Weigh in Favor of Transfer

#### 1.    South Florida has the Greater Interest in this Dispute

As "numerous courts in this Circuit have recognized, controversies relating to employment discrimination claims are precisely the sort of disputes to which the local community interests referenced in *Jumara* attach." *Peikin*, 576 F. Supp. 2d at 661. "Resolution of [employment discrimination] claims particularly would be most meaningful and salutary in the community in which these unlawful acts were allegedly perpetrated[.]" *Id.* (quoting *Lumasta v. Lawson Mardon Wheaton, Inc.*, No. 99-3931, 2000 U.S. Dist. LEXIS 2708, at *3 (E.D. Pa. Mar. 13, 2020). Furthermore, "the burden of jury duty ought not to be imposed upon the people of a community which have no relation to the litigation." *Ricoh Co., Ltd. v. Honeywel, Inc.l*, 817 F. Supp. at 486  (D.N.J. 1993).

Fundamentally, this is an employment action involving a Florida-based employer. Although she worked from home, Plaintiff reported to an employee who worked at Defendant's Riviera Beach, Florida headquarters. The decisions at issue that Plaintiff claims are discriminatory occurred in Florida. The State of Florida, which prohibits discrimination based on disability pursuant to the Florida Civil Rights Act of 1992 (FCRA), has a strong interest in regulating alleged

11

discrimination committed by companies operating within its borders. The state of New Jersey, on the other hand, has no other connection to this lawsuit, other than the "happenstance" that Plaintiff was a resident while she was employed by Defendant. *Kalawa*, 2020 U.S. Dist. Lexis 116393, at *15. Accordingly, this factor also strongly favors transfer.

### 2. Florida Public Policy Bears More Relevance to the Action than New Jersey's

Plaintiff's legal basis for asserting claims against the Defendants under New Jersey law is questionable at best, as "New Jersey courts have consistently applied the law of the state of employment to claims of workplace discrimination, and therefore only apply the NJLAD if the claimant was employed in New Jersey." *Peikin*, 576 F. Supp. 2d at 657. "This restriction on the extraterritorial application of the NJLAD is rooted in the well-settled understanding that New Jersey law regulates conduct in New Jersey, not outside the state." *Id.* (quotation marks omitted). New Jersey courts have generally held that subjecting an employer to varying legal obligations based solely on the residences of its employees would be fundamentally unfair. *See Satz v. Taipina*, 2003 U.S. Dist. LEXIS 27237, 2003 WL at *43; *Buccilli v. Timby, Brown & Timby*, 283 N.J. Super. 6, 12, 660 A.2d 1261 (App. Div. 1995) (citing cases).

Although Plaintiff alleges she performed work from her home in New Jersey, it is unclear whether that alone is sufficient to trigger the protections of the NJLAD. *Peikin*, at 656 (holding that the NJLAD did not apply even though the employee allegedly worked four out of five days each week in New Jersey, with approximately 90% of work centering around New Jersey-based clients and cases); *Weinberg v. Interep Corp.*, 2006 U.S. Dist. LEXIS 23746, at *19 (D.N.J. Apr. 26, 2006) ("Plaintiff's New Jersey residency is irrelevant to the issue of whether he can assert a discrimination claim under the NJLAD").

The Parties' employment relationship was formed in Florida, and throughout employment Plaintiff was managed and supervised in Florida.  Defendant reserves the right to litigate issue of which state's employment law is most appropriate to apply to this dispute at the appropriate time and in the proper forum. Ultimately, the fact that Plaintiff's employment was Florida-based weighs strongly in favor of transfer. *See Peikin*, 576 F. Supp. 2d at 657 ("To the extent either fora's public policies are implicated by this lawsuit, then, this factor likewise weighs in favor of transfer").

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court: (a) dismiss this action for lack of personal jurisdiction over the Defendant; or, in the alternative, (b) transfer this action to the United States District Court for the Southern District of Florida.

Respectfully submitted,

*/s/ Ivo J. Becica*
Ivo J. Becica, Esq.
Jean S. Scanlan, Esq.
Obermayer Rebmann Maxwell & Hippel LLP
1120 Route 73
Suite 420
Mount Laurel, NJ 08054-5108
(215) 665-3000

Attorneys for Defendant,
Abel Unlimited, Inc.

Dated: August 5, 2025

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August 2025, I caused the foregoing Defendant's

Motion for Dismissal of Plaintiff's Complaint and supporting Memorandum and Exhibits to be

served upon the foregoing counsel via ECF electronic filing:

> Mary Kramer, Esq.
> Murphy Law Group, LLC
> Eight Penn Center, Suite 2000
> 1628 John F. Kennedy Blvd.
> Philadelphia, PA 19103
> mkramer@phillyemploymentlawyer.com


*/s/ Ivo Becica*
Ivo Becica